UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| NOAH WAYNE NEVIL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00098-SEB-DML |
| | ) | |
| JOHN P. CLICK Dentist, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION FOR SUMMARY JUDGMENT
FILED BY DEFENDANT WASHINGTON AND
DIRECTING ENTRY OF FINAL JUDGMENT**

For the reasons explained in this Entry, defendant Washington's motion for summary judgment, dkt. 49, is **granted.**

## I. Background

Plaintiff Nevil Wayne Nevil, Sr., is a prisoner who brings this 42 U.S.C. § 1983 civil rights action against dentist John P. Click and Nurse Practitioner (N.P.) Roy Washington. Mr. Nevil alleges that the defendants violated his constitutional rights in relation to his dental care when he was a pretrial detainee at the Floyd County Jail (the Jail).

Both defendants seek resolution of the claims against them through summary judgment. N. P. Washington's motion for summary judgment is considered in this Entry. Dkt. 49. Mr. Nevil responded to the motion for summary judgment, dkt. 65, and N.P. Washington replied, dkt. 69. The motion is ripe for resolution.

1

## II. Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown*, 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hospitals Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

## III. Discussion

### A. Undisputed Facts

On the basis of the pleadings and the expanded record, and specifically on the portions of that record which comply with the requirements of Rule 56(c)(1), the following facts are undisputed for purposes of the motion for summary judgment.

N.P. Washington is a nurse practitioner licensed in both Indiana and Kentucky. Dkt. 76 at ¶ 2. As a nurse practitioner, Mr. Washington is considered a "provider" and can prescribe medication, diagnose patients, and develop a treatment plan for patients. *Id.* He works for Advanced Correctional Healthcare. *Id*. Advanced Correctional Healthcare is a company that contracts with the Floyd County Sheriff to provide medical services to the Jail. *Id.* N.P.

Washington is physically at the Jail one day per week to see patients. *Id*. In addition to that, he is on call 24 hours a day, 7 days a week, to answer questions, prescribe medications, and handle any medical issue that arises at the Jail when he is not physically present. *Id.* The Jail has its own dentist who sees patients. *Id.*

Mr. Nevil complained to nursing staff on February 27, 2018, about two broken teeth and having severe dental pain for the previous 2-3 days. *Id*. at ¶ 4; dkt. 50-2 at 1. Nurse Nichols assessed Mr. Nevil, took his vital signs, and noted severe tooth decay and that two teeth were partially broken and the area around them was red. *Id*. The nurse noted that Mr. Nevil was calm and cooperative and that he requested to see the dentist. *Id.* The nurse called N.P. Washington and reported that Mr. Nevil had severe tooth decay and that two teeth were partially broken and the area around them was red. *Id*. Based on the nurse's assessment and Mr. Nevil's subjective complaints, N.P. Washington prescribed Tylenol 650 mg. twice a day (or BID) for 10 days and an antibiotic, Amoxicillin, BID for 10 days. *Id.* The nurse also referred Mr. Nevil to see the Jail dentist, educated him on dental hygiene, and told him to follow up as needed. *Id.*

Mr. Nevil again complained of dental issues on March 24, 2018. Dkt. 50-2 at 5. Nurse Beacraft assessed Mr. Nevil. *Id.* He reported pain in an upper and lower tooth on the right side, which hurt up to his ear. *Id.*; dkt. 76 at ¶ 5. Nurse Beacraft noted that Mr. Nevil was on the list to see the dentist and that he had completed a course of Amoxicillin. *Id*. Nurse Beacraft called N.P. Washington and reported that Mr. Nevil's right jaw was swollen and tender to touch and that two teeth were decayed, had a hole in them and were cracked, and he had drainage and swollen gums. *Id*. Based on the nurse's assessment and Mr. Nevil's subjective complaints, N.P. Washington ordered Amoxicillin for 14 more days. *Id.* Nurse Beacraft told Mr. Nevil to use a salt water rinse with each meal and follow up as needed. Dkt. 50-2 at 5.

The dentist came to the Jail on April 2, 2018, and saw Mr. Nevil. Dkt. 76 at ¶ 6; dkt. 50-2

at 11. The dentist, co-defendant Dr. Click, extracted two teeth, #2 and 3. *Id*.

On April 4, 2018, Nurse Robert assessed Mr. Nevil for a follow-up appointment. Dkt. 76 at ¶ 7; dkt. 50-2 at 7. Mr. Nevil reported that he had teeth broken off at the gum line and his pain was a 10 out of 10. *Id*. The nurse took his vital signs and noted that his lymph nodes were swollen and he had throbbing pain that Tylenol was not helping. *Id*. She noted that Mr. Nevil had 4 days left of his antibiotic prescription. *Id.* The nurse called N.P. Washington and reported Mr. Nevil's complaints of dental pain. *Id*. Based on the nurse's assessment and Mr. Nevil's subjective complaints, N.P. Washington ordered Ibuprofen 600 mg. BID for 10 days and referred Mr. Nevil back to the dentist. *Id.*

On April 6, 2018, Mr. Nevil submitted a medical request stating that he was up all night due to pain because the dentist was supposed to remove his teeth, but all he did was break them off. Dkt. 50-2 at 6. N.P. Washington examined Mr. Nevil on April 9, 2018. Dkt. 76 at ¶ 8; dkt. 50-2 at 8. Mr. Nevil reported dental pain since the extractions. *Id.* N.P. Washington took Mr. Nevil's vital signs and noted what he thought was a broken upper molar with no infection. *Id.* N.P. Washington discontinued Ibuprofen and instead prescribed Naproxen 500 mg. for dental pain and told Mr. Nevil to continue warm water salt gargles. *Id*.

On April 23, 2018, N.P. Washington referred Mr. Nevil to an oral surgeon for his ongoing complaints. Dkt. 76 at ¶ 9; dkt. 50-2 at 14. Mr. Nevil saw the oral surgeon, Dr. Foresee, the next day, on April 24, 2018, and had an alveoplasty (smoothing of jaw bone where teeth have been extracted) between tooth numbers 1 and 5. Dkt. 76 at ¶ 10; dkt. 50-2 at 14-15. Dr. Foresee prescribed Keflex, an antibiotic. *Id.* When Mr. Nevil returned to the Jail, N.P. Washington ordered the Keflex and an ice pack. *Id.*

On May 13, 2018, Nurse Nichols assessed Mr. Nevil for dental pain. Dkt. 76 at ¶ 11; dkt.

4

50-2 at 16. The nurse took his vital signs and noted that Mr. Nevil's upper left gumline was red and swollen. *Id*. Mr. Nevil reported that the area was draining. *Id*. The nurse offered to refer him to the Jail dentist, Dr. Click, but Mr. Nevil refused. Dkt. 50-2 at 16. Instead, Mr. Nevil said he would be transferring to prison in a month or so and would see the dentist there. *Id.* The nurse called N.P. Washington and reported that Mr. Nevil complained that the area from his extraction was draining. Dkt. 76 at ¶ 11; dkt. 50-2 at 16. Based on the nurse's assessment and Mr. Nevil's subjective complaints, N.P. Washington prescribed Amoxicillin 1000 mg. for 10 days and Tylenol 1000 mg. for 10 days. *Id.*

On June 7, 2018, Nurse Beacraft assessed Mr. Nevil for complaints of gum and toothache and drainage. Dkt. 50-2 at 18. Nurse Beacraft took Mr. Nevil's vital signs and assessed his gum area around tooth numbers 6 and 7. *Id.* Mr. Nevil reported that the area where the sutures were from his previous extraction was red, irritated, and inflamed. *Id.* Nurse Beacraft noted that tooth #14 had severe decay and the root was gray and black. *Id.* Based on the nurse's assessment and Mr. Nevil's subjective dental complaints, N.P. Washington prescribed Clindamycin, a stronger antibiotic, for 10 days and Naproxen for 30 days. *Id.*; dkt. 76 at ¶ 12. Mr. Nevil again refused to be referred to Dr. Click, the Jail dentist. Dkt. 50-2 at 18.

Mr. Nevil transferred out of the Jail sometime in July 2018. Dkt. 76 at ¶ 13.

**B. Discussion**

Mr. Nevil was a pretrial detainee when the relevant incidents occurred. Rather than the deliberate indifference standard applied to convicted inmates under the Eighth Amendment that has been discussed by the parties, for pretrial detainees, the standard under the Fourteenth Amendment's Due Process Clause requires a showing that the defendants' conduct was objectively

unreasonable. *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. County of Lake,* 900 F.3d 335, (7th Cir. 2018).

To evaluate a Fourteenth Amendment due process claim challenging medical treatment, the Court considers two questions. The first "focuses on the intentionality of the individual defendant's conduct," and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *McCann,* 909 F.3d at 886 (internal quotation omitted). "A showing of negligence or even gross negligence will not suffice." *Id.* At the second inquiry, the Court asks "whether the challenged conduct was objectively reasonable." *Id.* To determine what was objectively reasonable, the Court is required to consider "the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id.*

In his response to the motion for summary judgment, Mr. Nevil argues primarily that he was not given any pain medication on April 2, 2018, and that N.P. Washington overlooked his other medical problems. Dkt. 65. He also alleges that N.P. Washington failed to treat his high blood pressure, order blood work, and diagnose Mr. Nevil with diabetes. *Id.*

The evidence of record reflects that Mr. Nevil had two teeth extracted by the Jail dentist on April 2, 2018. When he complained of pain two days later, it was noted that he was taking Tylenol, but it was not helping. N.P. Washington ordered 600 mg. of Ibuprofen and referred him back to the dentist. There is no evidence that N.P. Washington was made aware of any pain experienced by Mr. Nevil on April 2, 2018, immediately after his teeth were extracted nor was he informed that Tylenol was not alleviating the pain. Rather, when N.P. Washington was informed that Mr. Nevil was complaining of pain two days later, he prescribed pain medication.

With regard to Mr. Nevil's assertion that N.P. Washington "overlooked" other medical conditions, any such non-dental issues fall outside the scope of this case. Mr. Nevil's complaint alleged only issues with his teeth and when the Court screened the complaint, those were the only claims that were allowed to proceed. Dkt. 8. Mr. Nevil cannot now raise concerns that were not mentioned in his complaint. *See Colbert v. City of Chicago,* 851 F.3d 649, 656 (7th Cir. 2017); *Abuelyaman v. Ill. State Univ.,* 667 F.3d 800, 813-14 (7th Cir. 2011) ("It is well settled that a plaintiff may not advance a new argument in response to a summary judgment motion."); *Messner v. Calderone,* 407 F. App'x 972, 974 (7th Cir. 2011) ("A plaintiff cannot add additional claims through arguments made in opposing summary judgment….").

Having assessed the totality of the circumstances, the Court finds that no reasonable jury could find that N.P. Washington acted recklessly when he was informed of Mr. Nevil's dental complaints. Each time N.P. Washington was informed or observed that Mr. Nevil was experiencing pain or other dental problems, he responded with prescriptions for antibiotics and/or pain medication and referrals to a dentist or oral surgeon. There is no evidence that N. P. Washington was negligent in his treatment. Even if there had been a showing of negligence, which there was not, such a showing would not be sufficient for Mr. Nevil to survive summary judgment on his claims. Finally, there is no evidence that N. P. Washington's treatment was objectively unreasonable in any way. No reasonable jury could find otherwise.

### IV. Conclusion

For the reasons discussed above, N.P. Washington's motion for summary judgment, dkt. [49], is **granted.** Because summary judgment has also been granted for Dr. Click, judgment consistent with that ruling and this Entry, shall now issue.

Mr. Nevil's motion to release information to his wife, dkt. [73], is **denied** because she is not a party to this case and is not his attorney.

**IT IS SO ORDERED.**

Date: 2/19/2020

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

NOAH WAYNE NEVIL, SR.
921651
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

James R. A. Dawson
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
jdawson@taftlaw.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

David L. Guevara
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
dguevara@taftlaw.com